IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHICAGO BOARD OPTIONS EXCHANGE, INC.**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  12 C 9085 |
| **INTERNATIONAL SECURITIES EXCHANGE, LLC**, | ) ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) | |

**MEMORANDUM ORDER**

International Securities Exchange, LLC ("ISE") has filed its Answer and Counterclaim in this action brought against it by Chicago Board Options Exchange, Inc. ("CBOE").  This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

To begin with, the Answer is replete with invocations of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer required to get the benefit of a deemed denial (see Answer §§ 1, 6-16, 21, 27 and 33), but in every instance ISE's counsel has coupled a proper tracking of that disclaimer with the phrase "and therefore denies the same."  It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it.  Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

That repeated flaw can be taken care of by simply deleting the offending language wherever it appears, and this Court so orders. There are, however, problems with ISE's affirmative defense ("ADs") that call for a bit more discussion:

1. AD 1 is at odds with the fundamental principles underlying Rule 8(c) and the caselaw applying it, under which a plaintiff's complaint must be accepted as truthful, with some other basis asserted to preclude or lessen liability -- see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Because CBOE's Complaint expressly charges infringement on ISE's part (something that is denied in ISE's Answer), AD 1 is stricken.

2. ADs 2 through 4 fail to comport to the concept of notice pleading that is incumbent on defendants as well as plaintiffs. Those purported ADs are stated in impermissibly general and uninformative terms and are stricken as well. Unlike AD 1, however, those matters may be reasserted in proper form (including, if need be, presentment by a motion for earlier disposition by this Court).

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: January 8, 2013